UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-21550-RAR

**JOHANNA MARIA VIBE ENER**,

    Plaintiff,

v.

**PEDRO ANTONIO MARTIN**,

and

**JOHN DOES, 1-10,**

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter involves application of the fugitive disentitlement doctrine to bar Plaintiff, Johanna Maria Vibe Ener ("Ener"), from seeking relief in the Southern District of Florida. On April 26, 2019, Defendant, Pedro Martin ("Martin"), filed a Motion to Dismiss and/or Strike Plaintiff's Complaint and Request for Expedited Ruling (the "Motion to Dismiss") [ECF No. 6], which maintains that Ener qualifies as a fugitive from prior court orders and, in effect, refuses to acknowledge the authority of Florida's Eleventh Judicial Circuit in a related matter.[1] The Court, having reviewed the Motion to Dismiss and Ener's Response in Opposition [ECF No. 20], as well as considering argument of counsel, and being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that Martin's Motion to Dismiss is **GRANTED** and this cause is **DISMISSED with prejudice** for the reasons set forth herein.

---

[1] Non-Party Maria Martin adopted the arguments made in the Motion to Dismiss at the Status Conference held before the Court on May 15, 2019 [ECF No. 24], and requested that the Court dismiss the Complaint on the grounds stated therein.

## BACKGROUND

In 2017, Ener and Martin were parties to several disputes in Florida's Eleventh Judicial Circuit Unified Family Court and Domestic Violence Divisions, Case Nos. 11-03210 FC (UF 201) and 17-008159 (FC) (the "State Court Proceedings").[2] On July 18, 2017, then-Judge Ariana Fajardo Orshan entered an Order Granting Defendant's Motion for Sanctions and/or Contempt (the "Contempt Order"), finding that Ener "contemptuously, willfully, and deliberately violated the clear and express orders of [the] Court" by, among other reasons, failing to attend court-ordered mediation, refusing to communicate with the Court-appointed Guardian Ad Litem, and failing to comply with the Court's visitation order. [ECF No. 6-1]. Additionally, Judge Fajardo Orshan found that Ener "has absconded with the [the Parties'] children while cutting off all communication with [Martin]." *Id.* at 3. The Contempt Order provided Ener with the opportunity to purge herself of the contempt by complying with the Court's orders and reimbursing Martin for the reasonable attorney's fees and costs he incurred because of Ener's contempt. *Id.* at 8.

On October 31, 2017, over three months after the Contempt Order was entered, Judge Fajardo Orshan entered an Order of Referral to Law Enforcement (the "Referral to Law Enforcement") finding that Ener violated a Temporary Injunction. More importantly, the Referral to Law Enforcement authorized any Florida law enforcement officer to detain Ener if located in the jurisdiction. *See* [ECF No. 6-2]. Ener was never detained pursuant to the Referral to Law Enforcement and is currently residing in the United Kingdom. *See* [ECF No. 23] at ¶ 10.

---

[2] The Court takes judicial notice of all orders entered in the State Court Proceedings. *See, e.g., Cherry v. Ventures Tr. 2013-I-NH by MCM Capital Partners LLC*, No. 15-24133-CIV, 2016 WL 6538447, at *2 (S.D. Fla. Feb. 26, 2016) ("A court may take judicial notice of orders entered by a state court or other matters of public record without converting a motion to dismiss into a motion for summary judgment.") (internal citations omitted).

Despite being fully aware of the Contempt Order and the Referral to Law Enforcement in the State Court Proceedings, Ener filed the instant Complaint in this Court as a *pro se* litigant[3] on April 23, 2019 seeking upwards of $200,000,000.00 in damages from Martin and ten unidentified co-conspirators pursuant to six counts: Count I – Defamation, Count II – Invasion of Privacy, Count III – Breach of Contract, Count IV – Intentional Infliction of Emotional Distress, Count V – Civil Conspiracy, and Count VI – Abuse of Process. [ECF No. 1].

Martin filed the Motion to Dismiss on April 26, 2019, requesting that the Court dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), 12(f), and the fugitive disentitlement doctrine. *See* [ECF No. 6]. That same day, Martin's wife, Maria Martin ("Non-Party Martin"), filed an Emergency Motion to Intervene and requested that the Court strike what she claimed were "false," "scandalous," and "defamatory" allegations relating to Non-Party Martin in the Complaint *See* [ECF No. 7]. United States District Judge Beth Bloom, the undersigned's predecessor in this action, granted Non-Party Martin's Motion to Intervene and ordered Ener to show cause why the allegations in the Complaint referencing Non-Party Martin should not be stricken. [ECF No. 8]. On May 1, 2019, Ener responded to the Order to Show Cause with conclusory statements that the allegations against Non-Party Martin in the Complaint were true, relayed to Ener by Martin himself, and were not scandalous. *See* [ECF No. 9].

This action was transferred to the undersigned for all further proceedings on May 6, 2019. [ECF No. 16]. The next day, the Court entered an Order setting a Status Conference for May 15,

---

[3] Non-Party Maria Martin filed a Motion to Compel Disclosure of Assisting Counsel or Declaration the Plaintiff is Receiving No Attorney Assistance (the "Motion to Compel") on May 4, 2019 [ECF No. 15]. In the Motion to Compel, Non-Party Martin notes the sophistication of Ener's pleadings, and requests that the Court compel Ener to file an affidavit confirming that she is not receiving the assistance of counsel. The Court withholds judgment on the Motion to Compel, but finds that Ener's pleadings, which present coherent legal arguments with proper citations and conventional formatting, are more sophisticated than that of the typical *pro se* litigant.

2019 at 10:00 A.M. EST (3:00 P.M. in Herefordshire, UK) [ECF No. 19] (the "Status Conference") in order to clarify the issues in the case and provide Ener, who is ostensibly prosecuting the case *pro se*, with the opportunity to address the Court directly and respond to the Motion to Dismiss in lieu of having to draft further pleadings.

On May 14, 2019, Ener telephoned Chambers, confirmed her availability to appear at the Status Conference telephonically, and was provided with the requisite instructions on how to do so.  That same day, Ener filed an affidavit informing the Court that while she could not appear at the Status Conference physically, she would be available to appear by phone.  *See* [ECF No. 23] at ¶¶ 12-13.  Despite confirming her availability via affidavit and over the phone, Ener failed to appear for the Status Conference on May 15, 2019.  The Court proceeded to hear argument from Martin and Non-Party Martin.  [ECF No. 24].

## **ANALYSIS**

While Martin and Non-Party Martin raise various challenges to the Complaint, the Court finds that the Complaint warrants dismissal pursuant to the fugitive disentitlement doctrine.[4]  "The fugitive disentitlement doctrine limits access to courts by a fugitive who has fled a criminal conviction in a court in the United States." *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998) (citing *Prevot v. Prevot*, 59 F.3d 556, 564–65 (6th Cir.1995)). Although the doctrine has traditionally been applied by the courts of appeal to dismiss the appeals of fugitives, district courts "may sanction or enter judgment against parties on the basis of their fugitive status." *Id.*  And

---

[4]  Despite ruling on other grounds, the Court notes that Counts I and II seem deficient on their face and Counts III-VI are likely barred by the *Rooker-Feldman* doctrine. *See, e.g., Casale v. Tillman,* 558 F.3d 1258, 1261 (11th Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)) (noting that while the *Rooker-Feldman* doctrine is narrow, "it continues to apply with full force to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

while the doctrine typically applies to criminal defendants, "the doctrine has also been applied where the fugitive was not a criminal defendant, but instead was a civil litigant who continued to ignore court orders and evade arrest." *Pesin v. Rodriguez*, 244 F.3d 1250, 1253 (11th Cir. 2001) (citing *United States v. Barnette* 129 F.3d 1179, 1185–86 (11th Cir.1997)).  Indeed, "[t]he district court's power to dismiss a cause on fugitive-driven grounds is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Daniel v. City of Birmingham*, No. 2:11-CV-1355-VEH, 2015 WL 4138987, at *2 (N.D. Ala. July 9, 2015) (quoting *Magluta*, 162 F.3d at 665) (internal quotations omitted).

The rationale for the fugitive disentitlement doctrine includes "the difficulty of enforcement against one not willing to subject himself to the court's authority; the inequity of allowing a fugitive to use court resources only if the outcome is an aid to him; and the need to avoid prejudice to the nonfugitive party."  *F.D.I.C. v. Pharaon,* 178 F.3d 1159, 1162 (11th Cir.1999) (quoting *Magluta,* 162 F.3d at 664) (citations omitted).  Consequently, "the power of a court to disentitle a fugitive from access to the court's power is not jurisdictional in nature." *Pesin*, 244 F.3d 1250, 1252 (11th Cir. 2001) (citing *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970)) (noting that an appellant's fugitive status does not strip a case of its character as an adjudicable case or controversy)).  Rather, "the doctrine is an *equitable* one and rests upon the power of the courts to administer the federal courts system."  *Id.* (citing *Ortega–Rodriguez v. United States*, 507 U.S. 234, 244 (1993)) (emphasis added).

To dismiss an affirmative claim pursuant to the fugitive disentitlement doctrine, the following three elements must be satisfied: (1) the plaintiff is a fugitive; (2) his fugitive status has a connection to his civil action; and (3) the sanction employed by the district court, dismissal, is necessary to effectuate the concerns underlying the fugitive disentitlement doctrine.  *Daniel,* 2015

WL 4138987, at *1–2 (citing *Magluta,* 162 F.3d 662 at 664; *Degen v. United States,* 517 U.S. 820, 829 (1996)). In order to be considered a fugitive for purposes of the fugitive disentitlement doctrine, "a party must either have 'absented himself from the jurisdiction with the intent to avoid prosecution[,]'…or constructively fled, i.e., 'depart[ed] for a legitimate reason from the jurisdiction in which his crime was committed but who later remains outside that jurisdiction for the purpose of avoiding prosecution….'" *Id.* (quoting *United States v. Fonseca–Machado,* 53 F.3d 1242, 1244 (11th Cir.1995); *Magluta,* 162 F.3d 662 at 664) (internal citations omitted).

Martin and Non-Party Martin primarily rely on *Pesin* to argue that the Complaint should be dismissed pursuant to the fugitive disentitlement doctrine. There, a Venezuelan father filed a petition under the International Child Abduction Remedies Act for the return of his two children in the custody of their mother in the United States. The mother failed to appear in court and failed comply with court orders. Consequently, the district court found the mother in contempt, entered a bench warrant for her arrest, and granted the father's petition. *Pesin*, 244 F.3d at 1252. The mother then appealed the district court's grant of the petition. *Id.* The Eleventh Circuit dismissed the appeal under the fugitive disentitlement doctrine, holding that "[the mother] has repeatedly defied court orders and ignored contempt sanctions and has continued to evade arrest. Her behavior to date leaves little doubt that she would defy an adverse ruling. Moreover, it would be inequitable to allow [the mother] to use the resources of the courts only if the outcome is a benefit to her. We cannot permit [the mother] to reap the benefits of a judicial system the orders of which she has continued to flaunt." *Id*. at 1253.

Here, the Court similarly finds that Ener is a fugitive. She absconded with Martin's two children in violation of various court orders and has remained outside the United States for purposes of evading arrest pursuant to the Contempt Order and the Referral to Law Enforcement

in the State Court Proceedings. In this Court, Ener failed to appear at the Status Conference despite the Court confirming her availability and arranging for her to appear telephonically. Moreover, Ener's fugitive status has a direct connection to the instant action as many, if not all, of the allegations levied against Martin stem directly from the facts underlying the State Court Proceedings and the State Court Proceedings themselves. Ultimately, dismissal is necessary to avoid the inequity of allowing Ener, a fugitive, to use court resources to aid only herself, as well as to avoid prejudicing Martin, who has not had access to his children since Ener fled the United States in violation of court orders. *See* [ECF No. 6] at 6.

## CONCLUSION

"In discussing the fugitive disentitlement doctrine, the Supreme Court has stated that '[c]ourts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities,' but '[t]he extent of these powers must be delimited with care, for there is a danger of overreaching when one branch of the Government, without benefit of cooperation or correction from the others, undertakes to define its own authority.'" *Pharaon*, 178 F.3d at 1162 (quoting *Degen*, 517 U.S. at 823). This Court is mindful that "[p]rinciples of deference counsel restraint in resorting to inherent power and require its use to be a reasonable response to the problems and needs that provoke it." *Degen*, 517 U.S. at 824.

Here, implementation of the fugitive disentitlement doctrine is a reasonable and measured response to Ener's contumacious disregard for prior court orders in both the State Court Proceedings and before this Court. Ener cannot avail herself of the benefits of this Court while she openly flaunts her disregard for the authority of the state court. Equitable principles mandate

that Ener be disentitled from calling upon the resources of this Court for determination of her claims.

Based upon the foregoing, it is therefore **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [ECF No. 6] is **GRANTED**.

2. The Complaint is **DISMISSED with prejudice.**

3. All pending Motions are **DENIED AS MOOT.**

4. The Clerk is instructed to mark the case as **CLOSED**.

**DONE AND ORDERED** in Chambers in Ft. Lauderdale, Florida, this 21st day of May, 2019.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record; *pro se* Plaintiff